**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**JOHN M. HARTY**,

    Plaintiff,

v.                                                       **Civ. No. 10-285 JB/RLP**

**UNITED STATES;**
**FOUR UNKNOWN FBI AGENTS**,

    Defendants.

**MAGISTRATE JUDGE'S ANALYSIS**
**AND RECOMMENDED DISPOSITION[1]**

THIS MATTER is before me on an Order of reference, *see* Doc. 5, and on pro se plaintiff John M. Harty's Motion to Proceed *in forma pauperis* ("IFP"), filed March 26, 2010 (Doc. 3) in his case brought pursuant to 42 U.S.C. § 1983. The motion to proceed IFP invokes the Court's obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that the plaintiff's "allegation of poverty is untrue," or that

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

his complaint is frivolous or malicious or fails to state a claim or seeks monetary relief against an immune defendant, the Court must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006).

In screening the Complaint, I resolve the issue whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Tenth Circuit Court of Appeals has set forth the following standards that district courts should apply in resolving a motion to dismiss brought under rule 12(b)(6) of the Federal Rules of Civil Procedure in a § 1983 cause of action.

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley* [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified) standard: to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----, ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
>> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S. Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (applying *Bell Atlantic Corp. v. Twombly* in a case brought under § 1983). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The

court should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth" and disregards them. *Id.* at 1951. Then it "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 1949.

Thus, even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed. *See* § 1915(e)(2)(B)(ii); *Trujillo*, 465 F.3d at 1217 n. 5 (noting that dismissal of such complaints is mandatory under § 1915(e)(2)(B)(ii)).

**I.      Harty has failed to show that he is indigent and unable to pay filing fees.**

An individual seeking to proceed IFP must demonstrate that he is unable to pay filing fees and still provide himself "with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Harty, who is 52 and has no dependents, receives $773/month from social security disability payments. *See* Doc. 3 at 1-2. Harty pays $100/month for rent/utilities, $100/month for food, $50/month for insurance, and is paying $150/month on a $399 loan. *See id.* at 3. Under these circumstances, Harty has failed to show that he cannot pay for both the necessities of life and the filing fees.  *See Brewer v. City of Overland Park Police Dep't*, 24 Fed. Appx. 977, 979 (10th Cir. 2002) (affirming denial of IFP motion where plaintiff's "monthly income exceeds his monthly expenses by a few hundred dollars," because, when income exceeds expenses, it seems apparent that the plaintiff has "sufficient income to pay the filing fees.").

## II. Harty's Complaint should be dismissed under the doctrine of *res judicata* and for failure to state a claim.

Further, as explained below, Harty's Complaint against the United States is barred by the doctrine of *res judicata*, and it does not provide sufficient allegations to state a claim for relief under 42 U.S.C. § 1983 against the unknown FBI agents. This is the fifth set of Complaints that Harty has filed in this District over the past year against the United States and/or various individuals with whom he has come into contact after his 2005 release from prison. *See Harty v. United States*, No. 09cv493 GBW/LFG Doc. 1, filed May 19, 2009; *Harty v. Mitchell*, 09cv831 LH/LFG, Doc. 1, filed Aug. 28, 2009; *Harty v. Apodaca*, 09cv832 WJ/RLP, Doc. 1, filed Aug. 28, 2009; *Harty v. United States*, No. 09cv1104 MCA/CG, Doc. 1, filed Nov. 19, 2009.

In his first case against the United States, Harty alleged "multiple constitutional violations," the majority of which "relate back to 1999 and concern his arrest, conviction, sentencing, incarceration and release from custody" and "relate to conduct allegedly committed by actors in New York State." 09cv493 GBW/LFG Doc. 10 at 3 (D.N.M. June 16, 2009). The Court explained to Harty that he could not allege a § 1983 claim against the United States because a § 1983 claim could only be brought against a *person* who "has deprived him of a federal right" while acting under "color of state or territorial law"; that "[t]o the extent any of those claims were actionable, they are well beyond any statute of limitations cognizable for civil rights claims;" and that the New Mexico federal district court did "not have *in personam* or subject matter jurisdiction over any" individuals from New York or "over the acts they allegedly committed" in that state. *See id.* at 3-4. The Court denied his motion to proceed IFP and dismissed his Complaint, holding that this Court could not "redress injuries caused by state actors in New York, North Carolina, or Florida." 09cv493 GBW/LFG Doc. 13 (D.N.M. July 22, 2009). Harty appealed, and the Tenth Circuit affirmed for

"substantially those reasons set out" in this Court's Order, particularly agreeing "with the district court that there is absolutely no indication in the complaint any potential defendant is subject to the personal jurisdiction of the United States District Court for the District of New Mexico." *Harty v. United States*, No. 09-2197, 2009 WL 4366591, *1 (10th Cir. Dec. 3, 2009).

Within a month of the dismissal of his case against the United States, Harty filed two more related Complaints. Ignoring the Court's instruction regarding the Court's lack of personal jurisdiction over New York actors, one of Harty's suits alleged that "two New York City police officers violated his federally protected rights in their investigation and prosecution of parole violation charges. He asserts that in 2005 and 2006, they conspired to 'set him up' for a parole violation." *Harty v. Mitchell*, No. 09cv831 LH/LFG Doc. 6 at 2 (D.N.M. Nov. 13, 2009). Judge Hansen dismissed the Complaint for lack of personal jurisdiction over the Defendants, concluding that "[a]sserting *in personam* jurisdiction over two non-resident Defendants for conduct allegedly occurring in the State of New York would offend principles of fair play and justice, and would, in a phrase, violate Defendants due-process rights." *Id.* at 3-4. Harty did not appeal from that order.

Judge Johnson denied IFP and dismissed Harty's Amended Complaint in *Harty v. Apodaca*, 09cv832 WJ/RLP because Harty again failed to state cognizable claims under § 1983 or § 1985. *Id.* Doc. 8 (D.N.M. Nov. 19, 2009). Harty's 47-page Amended Complaint was replete with claims that a social worker in New Mexico was "conspiring with unnamed law enforcement officials from New York and South Carolina who are 'targeting' Harty because he is a convicted sex offender, and he speculates that 'law enforcement want to gain powers and control over this Plaintiffs liberties by saying he's mentally ill.'" *Id.* at 4. Harty did not appeal from that order. Instead, the same day, he filed another lawsuit under §§ 1983 and 1985 against the United States, Matthew Dykman (the Clerk of the New Mexico District Court), and Four Unknown FBI Officers. *See Harty v. United States*,

No. 09cv1104 MCA/CG.  In this Complaint, Harty again set out allegations related to officials in New York and South Carolina and the New York police officers he had unsuccessfully sued, and accused the Clerk of the Court of maliciously mishandling evidence he had submitted to the Court. Twelve days later and before his motion to proceed IFP had been ruled upon, Harty voluntarily moved to withdraw his Complaint, stating that he had been given proper mental health and medical assistance and had been told that he "needs to put all this behind me . . . in order to heal," and "there's no need at this time for civil action."  09cv1104 MCA/CG Doc. 7 at 1.  The Court granted the motion and dismissed the action.  *Id. See* Docs. 8, 9 (D.N.M. Dec. 4 & 8, 2009).

Harty's current Complaint against the United States and the Four Unknown FBI agents is the same Complaint as the one he filed in No. 09cv1104, except for the first page, where he has deleted Matthew Dykman as a Defendant.  It contains many allegations from some of his earlier cases.  *See, e.g.,* Doc. 1 at 21 (stating that the Court may look at his case in 09cv493 to find "every name, date and event there" regarding his claims).  The great bulk of his Complaint consists of only conclusory allegations "that are not entitled to the assumption of truth" and I have therefore disregarded them.  *See Iqbal*, 129 S. Ct. at 1951.

Harty has already been instructed by this Court and the Tenth Circuit that he cannot sue the United States under § 1983 for the alleged acts of its agents or employees who were allegedly involved in the incidents since his 2005 release from prison, and that holding is *res judicata*.  *See Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000) (holding that four elements must be satisfied for *res judicata* to bar a suit: "(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.") (internal quotation marks and citations omitted).  I will, therefore, recommend dismissal

6

with prejudice of Harty's claims against the United States.

I have reviewed the 32-page, single-spaced handwritten Complaint to find allegations related to the four unknown FBI agents. Although he uses the words "federal actors" several times in the Complaint, Harty alludes only to unspecific FBI action in North and South Carolina. Doc. 1 at 4. He states that F.B.I. agent Jan Bray from South Carolina was aware of his disabilities. Doc. 1 at 8. Harty further states that Bray and "unknown F.B.I. agents from the Elmira N.Y. F.B.I. Office conspired unlawfully against his 1st Amendment Right to the Freedom of Speech initially decided in the state of New York, then applied either when he left NYS on 6/20/07 and/or on 12/25/07 at a Myrtle Bch, South Carolina home . . ." Complaint at 18. He contends that the FBI used private citizens in New York and South Carolina as informants, *id.*, to "plant a computer into his possession" that contained "child pornographic text," *id.* at 19. Harty describes his speculation that unknown "federal authorities" then wiretapped his computer and phone lines in South Carolina in great detail, and contends that the computers were used to harm him "through entrapments." *See id.* at 20-25. The Complaint is otherwise devoid of non-conclusory allegations related to FBI agents. Even if I construed his claim against the federal F.B.I. agents, who are not state actors and therefore may not be sued under § 1983, as a *Bivens* claim, as the Court and the Tenth Circuit explained to Harty in his first case, this Court cannot "redress injuries caused by . . . actors in New York, North Carolina, or Florida." 09cv493 GBW/LFG Doc. 13 at 1 (D.N.M. July 22, 2009). As in Harty's first case, "there is absolutely no indication in the complaint any potential defendant is subject to the personal jurisdiction of the United States District Court for the District of New Mexico." *Harty v. United States*, No. 09-2197, 2009 WL 4366591, *1 (10th Cir. Dec. 3, 2009). I therefore will recommend dismissal without prejudice of Harty's claims against unknown F.B.I. agents who allegedly harmed him in New York and South Carolina.

### III.   Harty should be required to show cause why filing restrictions should not be imposed against him.

Harty has demonstrated that he is either unwilling or unable to understand and comply with the relevant and applicable laws about which this Court and the Tenth Circuit have repeatedly instructed him, and this is his fifth Complaint that has failed to state a cognizable federal claim. "The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims." *Id.* (internal quotation marks omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Thus, the Court may impose restrictions on a party's ability to file claims where it gives that party notice and an opportunity to respond, and provides clear guidance about what a plaintiff must do to obtain permission to file an action. *See id.* at 353-54. When a party has engaged in an abusive pattern of litigation, it is appropriate for the court to enjoin that litigant from filing any claims without either obtaining licensed representation or first seeking prior leave of the court. *See In re Winslow*, 17 F.3d at 316; *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994). I will recommend that the Court issue an order to show cause requiring Harty to show why filing restrictions should not be imposed against him.

### RECOMMENDED DISPOSITION

I recommend that Harty's motion to proceed IFP be denied; that his Complaint against the United States be dismissed with prejudice; that his Complaint against the four unknown F.B.I.

agents be dismissed without prejudice; and that the Court issue an order to show cause requiring Harty to show why filing restrictions should not be imposed against him.

                                                                             Richard L. Puglisi
                                                                             Chief United States Magistrate Judge